Raymond J. Tittmann No. 191298
Edward J. Valdespino No. 272754
Christina M. Roberto No. 317139
**TITTMANN WEIX LLP**
350 S. Grand Ave., Suite 1630
Los Angeles, California 90071
Phone: 213.797.0630
rtittmann@tittmannweix.com
evaldespino@tittmannweix.com
croberto@tittmannweix.com

Attorneys for Defendants
AMERICAN SECURITY INSURANCE COMPANY
and JOSHUA ANDREWS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MELISSA SHROPSHIRE, an individual, and BRYAN SHROPSHIRE, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN SECURITY INSURANCE COMPANY, a Delaware Corporation; RIMKUS CONSULTING GROUP, INC. a Texas Corporation; JOSHUA ANDREWS an individual; and DOES 1-100 inclusive,<br><br>Defendants. | Case No.: CIV SB 2102687<br><br>**DEFENDANTS AMERICAN SECURITY INSURANCE COMPANY AND JOSHUA ANDREWS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**<br><br>Complaint Filed: January 15, 2021 |

### GENERAL DENIAL

Defendants AMERICAN SECURITY INSURANCE COMPANY and JOSHUA ANDREWS deny each and every allegation of Plaintiffs' unverified Complaint.

///

///

## AFFIRMATIVE DEFENSES

Defendants, as further and separate defenses to the Complaint, allege the following Affirmative Defenses. Defendants expressly reserve the right to supplement these Affirmative Defenses in the event additional information is obtained that indicates the applicability of additional Affirmative Defenses. By listing these Affirmative Defenses, Defendants do not assume the burden of proving any matter upon which any other party bears the burden of proof.

### FIRST AFFIRMATIVE DEFENSE

(Fails to State a Claim)

The Complaint does not describe the causes of action asserted against Defendants with sufficient particularity to enable Defendants to determine what defenses they have in response to Plaintiffs' causes of action.

### SECOND AFFIRMATIVE DEFENSE

(Equitable Defenses)

Plaintiffs' claims may be barred in whole or in part by the doctrines of laches, unclean hands, waiver, or estoppel.

### THIRD AFFIRMATIVE DEFENSE

(Comparative Fault)

Defendants are informed and believe, and upon such information and belief, allege that the damages Plaintiffs allege resulted from their own breach, neglect, or other misconduct or from that of their predecessors, assignors, or persons for whom Plaintiffs were responsible or with whom Plaintiffs were associated.

### FOURTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendants are informed and believe, and upon such information and belief, allege that the damages Plaintiffs alleges were proximately caused by the intervening carelessness, negligence, or wrongful acts of Plaintiffs or their predecessors or assignors and that said carelessness, negligence or wrongful acts contributed to the incidents and damages and shall eliminate or reduce any damages Plaintiffs can recover from Defendants in this action.

## FIFTH AFFIRMATIVE DEFENSE

(Intervening and Superseding Cause)

Defendants are informed and believe, and upon such information and belief, allege that the damages Plaintiffs alleges were proximately caused by persons or entities other than Defendants and for whom Defendants are not responsible. The negligence and fault of other persons or entities is an intervening and superseding cause and shall eliminate or reduce any damages Plaintiffs can recover from Defendants in this action.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

To the extent that Plaintiffs failed to mitigate, minimize, or avoid any damages they allegedly sustained or will sustain, any potential recover against Defendants must be reduced by the amount attributable to such failure.

## SEVENTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiffs' claims are barred because Defendants did not damage Plaintiffs in the sum or manner alleged or in any sum or manner at all. Plaintiffs are not entitled to compensatory damages, attorneys' fees, punitive damages, or any other damages pursuant to any of the claims for relief alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

(Allocation)

The causes of action asserted in the Complaint are barred to the extent any alleged loss should be allocated to other parties.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Include Necessary Parties)

The causes of action asserted in the Complaint may be barred to the extent Plaintiffs fail to include all necessary or indispensable parties to the action.

///

///

## TENTH AFFIRMATIVE DEFENSE

(Res Judicata or Collateral Estoppel)

The causes of action asserted in the Complaint may be barred by the doctrines of res judicata or collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

(Spoliation)

The causes of action in the Complaint are barred to the extent Plaintiffs or their predecessors, assignors, or agent removed, destroyed, or in any way altered evidence relating the underlying claims alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Policy Terms)

Plaintiffs' claims may be barred by the specific terms, exclusions, conditions, limitations, and other provisions contained in or incorporated by reference in the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Satisfaction)

To the extent that the Policy benefits have been paid or are paid to the designated beneficiary, or Defendants have otherwise met their obligations under the Policy, Defendants' obligations under the contract have been satisfied and the causes of action asserted in the Complaint are barred.

## FOURNTEENTH AFFIRMATIVE DEFENSE

(Limitations Period)

Plaintiffs' claims may be barred by the applicable statutes of limitations or contractual limitations period set forth in the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Right to Amend)

Defendants reserves the right to amend this pleading at the conclusion of discovery to reflect additional affirmative defenses available to it as revealed through discovery or otherwise.

///

///

WHEREFORE, Defendants prays for judgment as follows:

1. The Complaint be dismissed against Defendants and that judgment be entered in favor of Defendants and against the Plaintiffs;
2. Plaintiffs takes nothing by their action against Defendants;
3. Defendants recover their costs in this action; and
4. Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated:  April 22, 2021

**TITTMANN|WEIX LLP**

By: _____
Raymond J. Tittmann
Edward J. Valdespino
Christina M. Roberto

Attorneys for Defendants
AMERICAN SECURITY INSURANCE COMPANY
and JOSHUA ANDREWS

# PROOF OF SERVICE
*Shropshire et al. v. American Security Insurance Company et al.*
Case No. CIV SB 2102687

I am an employee in the Los Angeles County, State of California. I am over the age of 18 years and not a party to the within action. My business address is 350 S. Grand Ave., Ste. 1630, Los Angeles, CA 90071. On April 22, 2021, I served the foregoing documents entitled

**DEFENDANTS AMERICAN SECURITY INSURANCE COMPANY AND JOSHUA ANDREWS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

| | |
|---|---|
| CODY J. SHAVER, Esq.<br>Shaver Legal, APC<br>4473 Main Street<br>Riverside, CA 92501<br>cshaver@shaverlegal.com<br>*Attorney for Plaintiff* | |

☒ **BY MAIL:** By placing the original and/or a true and correct copy enclosed in a sealed envelope with postage fully prepaid, in the U.S. mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon, fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ **BY PERSONAL SERVICE:** By causing personal delivery of the document listed above to the person at the address set forth listed above.

☐ **BY ELECTRONIC TRANSMISSION.** By e-mailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☐ **BY OVERNIGHT MAIL:** I caused a copy of said document(s) to be placed in an overnight mail depository for next day delivery.

☒ **STATE** - I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed on April 22, 2021, at Los Angeles, California.

/s/ Megan Mulroy
_____
Megan Mulroy